UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| SOLO CUP OPERATING CORPORATION,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>HEFEI HENGXIN ENVIRONMENTAL<br>SCIENCE & TECHNOLOGY CO., LTD.,<br><br>　　　　Defendant. | Case No.<br><br>JURY TRIAL DEMANDED |

**COMPLAINT FOR TRADEMARK**
**INFRINGEMENT AND UNFAIR COMPETITION**

Solo Cup Operating Corporation ("Plaintiff") files this Complaint against Defendant Hefei Hengxin Environmental Science & Technology Co., Ltd., ("HEFEI"), and alleges as follows:

**Nature of the Action**

1.　This Complaint seeks injunctive relief and damages for the Defendant's infringement of Plaintiff's product-configuration trademark rights for its Traveler hot-cup lid ("Plaintiff's Configuration Mark") and Plaintiff's U.S. Trademark Registration 3,284,076 (the "Traveler® Registration" – **Exhibits 1 and 2**), pursuant to 15 U.S.C. Section 1114 (Count I), federal unfair competition pursuant to 15 U.S.C. Section 1125(a) (Count II), violation of Illinois Uniform Deceptive Trade Practice Act (Count III), and violation of the Illinois Consumer Fraud and Deceptive Business Practices Act (Count IV).

2.　This Complaint also seeks injunctive relief and damages for Defendant's infringement of Plaintiff's design patent, U.S. Design Patent D635,855 ("D'855 Patent - **Exhibit 3**) pursuant to 35 U.S.C. Section 271-289 (Count V).

**Related Case**

3. This Action is related to a prior case filed in this District Court (case number 1:15-cv-01009 - assigned to Hon. Joan B. Gottschall) against multiple defendants (Custom Take Out Intl. and Chicagoland Refreshment Inc.), and an Amended Complaint was filed April 6, 2015 to add HEFEI as a party to that action.

4. That prior action included claims for trademark infringement and unfair competition and other related claims resulting from Defendant's products accused of infringement in the present Complaint (Counts I-IV). That prior action was voluntarily dismissed without prejudice as to the Defendant HEFEI on October 14, 2015 (1:15-cv-01009 ECF 24).

**Parties**

5. Plaintiff, Solo Cup Operating Corporation (SOLO), an affiliate company of Dart Container Corporation, is a Delaware corporation with a principal place of business at 150 S. Saunders Road, Lake Forest, Illinois, and operates business that includes the manufacture and sale of disposable serving ware products such as disposable cups and lids.

6. Upon information and belief, Defendant Hefei Hengxin Environmental Science & Technology Co., LTD., ("HEFEI") is a Chinese company with a business address at No. 6-2 Guantang Rd., Luyang Industrial Park, Hefei, Anhui, China 231131, that, *inter alia*, manufactures, and advertises, imports and sells in the United States, hot-cup lid products such as the accused products identified in this Complaint.

**Jurisdiction and Venue**

7. Counts I and II of this action arise under the Lanham Act, 15 U.S.C. § 1051, et seq. Count V of this action arises under the Patent Act, 35 U.S.C. § 271 and §§ 281-289. This

Court has subject matter jurisdiction over the federal statutory claims of this action pursuant to 28 U.S.C. §§ 1331 and 1338 and the state law claims pursuant to supplemental jurisdiction under 28 U.S.C. § 1367.

8. This Court has personal jurisdiction over Defendant based at least upon the fact that the infringement alleged herein has occurred, and continues to occur, within this District, by Defendant's advertisement importation and sale of products that infringe Plaintiff's Traveler® Configuration Mark and the Traveler® Lid Registration as well as products that infringe Plaintiff's D'855 design patent.

9. Venue is proper pursuant to 28 U.S.C. §1391(b) and (c).

## Background and Facts Related to this Action

10. Plaintiff is a global manufacturer and supplier of food and beverage container products, including distinctive hot-cup lids marketed under the product name Traveler®, which have the appearance of Plaintiff's distinctive Traveler® Lid Configuration Mark as shown in **Exhibit 2** and covered by the Traveler Registration (**Exhibit 1**). For over 30 years, Plaintiff has marketed its Traveler® lids essentially unchanged in appearance, and Plaintiff has developed substantial trademark rights in the Traveler Configuration Mark. As evidenced by Plaintiff's Traveler® Lid Registration, Plaintiff has the exclusive right to use in commerce in the United States the product configuration shown in the Traveler® Lid Registration for the goods identified – namely, plastic cup lids.

11. On information and belief (and by the express admission of a co-defendant in the prior related action), Defendant HEFEI is the manufacturer and supplier of the Accused Traveler® Look-Alike Products to distributors and customers in the United States and within this District, including the lid product that are identified as PS lids of HEFEI as depicted in **Exhibit 4**

3

(a sample product distributed at the 2016 National Restaurant Association Show), taking place from May 21-24, 2016 (the 2106 NRA Show).

12. Defendant HEFEI continues to advertise and sell such Accused Look Alike Products within the United States, promoting such advertisement and taking sales orders via the web site http://hfhx.en.alibaba.com and at trade shows within the territory of the United States and within this District, including its display of infringing products (such as **Exhibit 4**) and advertisement materials (**Exhibit 5** – select pages of HEFIE promotional booklet) at Exhibitor Booth #5313 at the 2106 NRA Show.

13. Such infringing lid products are marketed into the United States (and within this District) through direct marketing efforts via the World Wide Web, including HEFEI's web-site hosted through Alibaba, as shown in **Exhibit 6 - -** including information of the company, its manufacturing capacity, its history of importation of products into the U.S., and providing a direct portal for sales and delivery of the Accused Traveler® Look Alike Products to customers in the United States.

14. On information and belief, Defendant HEFEI has, in the past, advertised taken sales orders for the Accused Traveler® Look-Alike Products at trade shows in the United States and within this District, including the 2014 Pack Expo trade show at McCormick Place in Chicago, Illinois which took place November 2-5, 2014, as shown by the Exhibitor Listing of **Exhibit 7**. Unless enjoined, HEFEI will likely continue such unlawful activity, and further harm and irreparably harm Plaintiff by infringing on Plaintiff's trademark rights.

15. Defendant's advertisement and sale of the Accused Traveler® Look-Alike Products having product configuration and appearance identical to or substantially the same as that which is covered by Plaintiff's Traveler® Lid Registration is likely to deceive customers and

the public. Accordingly, Defendant's Accused Lid Products infringe Plaintiff's trademark rights of its Traveler® Lid Configuration Mark and Traveler® Lid Registration and cause irreparable and monetary harm to Plaintiff and its federally registered trademark rights. The likeness of the Accused Products to Plaintiff's trademark rights is depicted in the comparison below:

| Solo Cup Registered Configuration | Hefei Look Alike Product sample |
|---|---|



16. Further, on information and belief, Defendant's marketing and distribution of the Accused Traveler Look Alike Products has been, and continues to be, willful and with the intent to benefit from Plaintiff's popular product configuration covered by Plaintiff's Traveler® Registration.

17. Other of Defendant HEFEI's products also infringe the Design Patent rights of Plaintiff. Specifically, HEFEI's 12 ounce hot-cup lid (**Exhibit 8 - -** the HEFEI's "Patent-Infringement Accused Products") has an appearance that is nearly identical to the patented design owned by Plaintiff, U.S. Patent No. D635,8555 (**Exhibit 3**). HEFEI's use of the design covered by the D'855 Patent by its Accused Products shown in Exhibit 8 is not authorized or licensed by Plaintiff, and thereby constitutes infringement of the D'855 Patent.

5

18. Such infringement of the D'855 Patent is shown by a side by side comparison of the patent figures with the Patent Infringement Accused Products of HEFEI, as shown below:



| D'855 Patent Fig. 1 | D'855 Patent Fig. 3 | HEFEI Patent Infringement Accused Product |
|---|---|---|

## CAUSES OF ACTION

### COUNT I – Federal Trademark Infringement Under 15 U.S.C. §1114(1)(a)

19. Plaintiff re-alleges and incorporates herein paragraphs 1 through 18 of this Complaint.

20. Pursuant to 15 U.S.C. §1072, Defendant had constructive notice (and, upon information and belief, actual notice) of Plaintiff's ownership of and rights in its Traveler Registration, during the time Defendant has been manufacturing and selling the Accused Lid Products.

21. Defendant has deliberately and willfully used a product configuration identical to, or substantially the same as, Plaintiff's Traveler® Lid Configuration Mark covered by its Traveler® Registration in an attempt to trade upon and/or diminish the widespread goodwill,

6

reputation and selling power established by Plaintiff under its mark and to pass Defendant's products off as those of Plaintiff.

22. Plaintiff has not consented to Defendant's use of Plaintiff's trademark rights covered by the Traveler Registration.

23. Defendant's unauthorized use of counterfeit hot cup lid products is likely to cause confusion, mistake or deception with Plaintiff's hot cup lids covered by the Traveler® Registration in violation of 15 U.S.C. § 1114.

24. The intentional and willful nature of the aforementioned acts renders this violation subject to enhanced or statutory damages and an exceptional case under 15 U.S.C. § 1117.

25. As a result of Defendant's aforementioned conduct, Plaintiff has suffered and continues to suffer substantial damage and irreparable harm, constituting an injury for which Plaintiff has no adequate remedy at law. Accordingly, only an injunction from this Court can prevent Plaintiff's further irreparable harm at the hands of Defendant.

## **COUNT II – Federal Unfair Competition (15 U.S.C. §1125(a))**

26. Plaintiff re-alleges and incorporates herein paragraphs 1 through 25 of this Complaint.

27. On information and belief, Defendant has deliberately and willfully used Plaintiff's Traveler® Lid Configuration Mark in an attempt to trade on the long-standing and hard-earned goodwill, reputation and selling power established by Plaintiff in connection with its hot cup lid products in the United States, and to confuse consumers as to the origin and sponsorship of Defendant's goods.

28. Defendant's unauthorized and tortious conduct has also deprived, and will continue to deprive, Plaintiff of the ability to control the consumer perception of its goods marketed with its Traveler® Configuration Mark, placing the valuable reputation and goodwill of Plaintiff in the hands of Defendant, over whom Plaintiff has no control.

29. Defendant's conduct is likely to cause confusion, mistake or deception as to the affiliation, connection or association of Defendant's products with Plaintiff, and as to the origin, sponsorship or approval of Defendant's products, in violation of Section 43 of the Lanham Act, 15 U.S.C. §1125(a)(1).

30. The intentional nature of the aforementioned acts renders this an exceptional case under 15 U.S.C. §1117(a).

31. As a result of Defendant's aforementioned conduct, Plaintiff has suffered and continues to suffer substantial damage and irreparable harm constituting an injury for which Plaintiff has no adequate remedy at law. Accordingly, only an injunction from this Court can prevent Plaintiff's further irreparable harm at the hands of the Defendant.

## **COUNT III – Illinois Uniform Deceptive Trade Practices Act (815 ILCS 510)**

32. Plaintiff re-alleges and incorporates herein paragraphs 1 through 31 of this Complaint.

33. At all relevant times of the allegations made in this Complaint, the Illinois Uniform Deceptive Trade Practices Act (815 ILCS 510/1 *et seq.*) was in effect in Illinois.

34. Defendant's unauthorized use of Plaintiff's Traveler® Lid Configuration Mark has caused and, unless enjoined by this Court, will continue to cause a likelihood of confusion or of understanding as to the source, sponsorship, approval and/or certification of the Accused Lid Products.

8

35. Such knowing and willful conduct described above constitutes deceptive trade practices within the meaning of the Illinois Uniform Deceptive Trade Practices Act (815 ILCS 510/2). As a result of such conduct, Plaintiff has suffered and will continue to suffer immediate and irreparable harm to its goodwill and reputation, for which Plaintiff lacks an adequate remedy at law.

36. In addition to the irreparable harm caused to Plaintiff by reason of Defendant's acts, Plaintiff has suffered and will continue to suffer monetary damages in an amount not yet determined.

37. Plaintiff is entitled to entry of permanent injunctive relief prohibiting Defendant from it unauthorized use of the Traveler® Configuration Mark in violation of the Illinois Uniform Deceptive Trade Practices Act.

38. Defendant's willful conduct entitles Plaintiff to a recovery of its attorney fees.

## COUNT IV – Illinois Consumer Fraud and Deceptive Business Practices Act (815 ILCS 505)

39. Plaintiff re-alleges and incorporates herein paragraphs 1 through 38 of this Complaint.

40. At all relevant times of the allegations made in this Complaint, the Illinois Consumer Fraud and Deceptive Business Practices Act (815 ILCS 505/1 *et seq.*) was in effect in Illinois.

41. Each of Defendant's unauthorized use of Plaintiff's Traveler® Lid Configuration Mark has caused and, unless enjoined by this Court, will continue to cause a likelihood of confusion or of understanding as to the source, sponsorship, approval and/or certification of the Accused Lid Products.

42. Such knowing and willful conduct described above constitutes deceptive business practices within the meaning of the Illinois Consumer Fraud and Deceptive Business Practices Act (815 ILCS 505). As a result of such conduct, Plaintiff has suffered and will continue to suffer immediate and irreparable harm to its goodwill and reputation, for which Plaintiff lacks an adequate remedy at law.

43. In addition to the irreparable harm caused to Plaintiff by reason of Defendant's acts, Plaintiff has suffered and will continue to suffer monetary damages in an amount not yet determined.

44. Plaintiff is entitled to entry of permanent injunctive relief prohibiting the Defendant from unauthorized use of the Traveler® Configuration Mark in violation of the Illinois Consumer Fraud and Deceptive Business Practices Act.

45. Defendant's willful conduct and reckless indifference toward Plaintiff's rights entitles Plaintiff to a recovery of costs, attorney's fees and punitive damages pursuant to 815 ILCS 505/10a.

### COUNT V – Design Patent Infringement (35 U.S.C. §§ 271-289)

46. Plaintiff re-alleges and incorporates herein paragraphs 1 through 45 of this Complaint.

47. Plaintiff's D'855 Patent, titled "Drink Cup Lid" covers a novel ornamental appearance for a cup lid that has a curved recess area as shown and claimed by the Figures of the patent (**Exhibit 3**), including a first and a second embodiment of the patent, shown in Figs 1-2 and 3-4, respectively.

48. The D'855 Patent is in full force and has not expired, and was assigned to Plaintiff who remains as the owner of the patent.

49. HEFEI has directly infringed and continues to infringe the D'855 Patent by importing, using, selling, and/or offering to sell in the United States hot cup lid products that are identical to or otherwise embody the design shown in the figures of the D'855 Patent, including the products shown in **Exhibit 8** (the "Patent-Infringement Accused Products"). HEFEI's use of the design covered by the D'855 Patent by its Patent Infringement Accused Products is not authorized or licensed by Plaintiff, and thereby constitutes infringement of the D'855 Patent.

50. HEFEI's infringing activity of marketing the Patent-Infringement Accused Products at trade shows and directly to customers and distributors in the United States and in this District, its activity of importing the Patent-Infringement Accused Products into the United States, and by its sale of the Patent-Infringement Accused Products directly to customers and distributors in the United States, must be enjoined and has caused damages owed to Plaintiff SOLO CUP, including all lost profits from HEFEI's sale of its Patent-Infringement Accused Products, pursuant to 35 U.S.C. §289.

## **PRAYER FOR RELIEF**

WHEREFORE, as to all Counts of this Complaint, Plaintiff requests that this Court enter a judgment in favor of Plaintiff and against the Defendant on each Count herein and grant relief as follows:

A. Permanently enjoin and restrain the Defendant, its parents, subsidiaries, holding companies, licensees, owners, directors, officers, partners, assigns, related entities, affiliates, predecessors, successors, employees, representatives, trustees, receivers, agents and any other persons or entities acting on behalf of the Defendant or with Defendant's authority, from:

1. using, selling, offering for sale, marketing, advertising, importing into the United States or promoting to anyone in the United States any goods confusingly similar to the product configuration covered by the Traveler Registration® (including the accused products depicted in Exhibits 4 and 8), any advertisement associated with such products such as that which is shown in Exhibits 5-7, and any use of a depiction of a confusingly-similar lid design such as is shown in Exhibits 4-6 and 8;

2. doing any act that is likely to induce the belief that Defendant's goods, services or activities are in some way connected with Plaintiff's business, or likely to injure or damage Plaintiff's product configuration trademark rights in its Traveler® product Configuration Mark or associated goodwill depicted in Exhibits 1 and 2 of the Complaint; and

3. using, selling, offering for sale, marketing, advertising, importing into the United States or promoting to anyone in the United States the products identified as the Design Patent Infringement Accused Products, such as is shown in Exhibit 8 of the Complaint and identified in Hefei's web site advertisement as its 12oz lid products, or any such products that are identical to or confusingly similar to the design shown in the figures of the D'855 Patent.

B. Require Defendant HEFEI to recall from the channels of trade in the United States all products, packaging, advertising and promotional material sold or distributed by HEFEI (or its affiliates and/or distributors) that embody a product configuration identical or nearly identical to that which is shown in the Traveler® configuration Registration or confusingly similar to Plaintiff's Traveler® product Configuration Mark (including all of the Accused Lid Products of Exhibits 4-6 of the Complaint), pursuant to 15 U.S.C. §1116(d), and

any products that have an appearance identical to or confusingly similar to the design claimed in the D'855 Patent;

      C.      Require that Defendant reimburse Plaintiff for all damages Plaintiff has suffered by reason of Defendant's acts of trademark infringement and unfair competition, account for and pay to Plaintiff all profits derived by reason of such acts, and, based on the willfulness of Defendant's actions and their sale of the counterfeit Traveler® Lid Look-Alike Products, remit to Plaintiff treble damages, profits, or statutory damages (including as provided by 15 U.S.C. §1117, the Illinois Uniform Deceptive Trade Practices Act pursuant to 815 ILCS 510, and the Illinois Consumer Fraud and Deceptive Business Practices Act pursuant to 815 ILCS 505, and at common law), and pay to Plaintiff all of Defendant's profits from the sale of its Design Patent Infringement Accused Products, pursuant to 35 U.S.C. §289;

      D.      Find that this case of trademark infringement constitutes an exceptional case pursuant to 15 U.S.C. §1117, and award Plaintiff its reasonable attorneys' fees and disbursements incurred in bringing this action;

      E.      Requiring that the Defendant reimburse Plaintiff for all disbursements and costs incurred in bringing this action;

      F.      Requiring that the Defendant deliver and destroy all labels, signs, prints, packages, wrappers, receptacles and advertisements in its possession or control within the United States depicting or describing a product configuration confusingly similar to that which is covered by the Traveler Registration® and/or the Traveler® product Configuration Mark, including the any such labels, packaging, advertisements, etc. depicting a lid configuration such as is shown in Exhibits 1 and 2 of this Complaint, pursuant to 15 U.S.C. §1118; and,

      G.      Award Plaintiff such other and further relief as this Court deems equitable.

**Jury Demand**

Plaintiff hereby demands a trial by jury on all issues rightfully triable to a jury.

Dated: May 23, 2016

Respectfully submitted,

/s/Bradley F Rademaker
Bradley F. Rademaker, Esq.
Andrea S. Fuelleman, Esq.
NEAL GERBER & EISENBERG LLP
2 North LaSalle Street, Suite 1700
Chicago, Illinois 60602
Tel: (312) 269-8000
brademaker@ngelaw.com
mturner@ngelaw.com

Attorneys for Plaintiff
SOLO CUP OPERATING CORP.

24815239.2